1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CABN 163973)
3  Chief, Criminal Division

4  GARTH HIRE (CABN 187330)
   Assistant United States Attorney
5
        1301 Clay Street, Suite 340-S
6       Oakland, California 94612-5217
        Telephone:  (510) 637-3929
7       Facsimile:   (510) 637-3724
        E-Mail:      Garth.Hire@usdoj.gov
8
   Attorneys for Plaintiff
9

10                       UNITED STATES DISTRICT COURT

11                      NORTHERN DISTRICT OF CALIFORNIA

12                               OAKLAND DIVISION

13 UNITED STATES OF AMERICA,        )     No. CR 09-00040 SBA
                                    )
14       Plaintiff,                 )     STIPULATION AND ORDER
                                    )     CONTINUING STATUS CONFERENCE
15    v.                            )     AND EXCLUDING TIME
                                    )
16 RYAN MICHAEL TURNER,             )
                                    )
17       Defendant.                 )
                                    )
18

19
         Plaintiff, by and through its attorney of record, and defendant, by and through his
20
   attorney of record, hereby stipulate and ask the Court to find as follows:
21
         1.    A status conference in this matter is currently scheduled for 9 a.m. on Tuesday,
22
   February 3, 2009.
23
         2.    The parties request that this hearing be continued until 9 a.m. on Tuesday, March
24
   3, 2009, in order to provide defendant's counsel with additional time to evaluate the evidence in
25
   this case and determine whether or not defendant should enter a change of plea or file motions
26
   and to prepare for trial in this matter.
27

28
   STIPULATION AND ORDER RESCHEDULING
   HEARING; EXCLUDING TIME

3. Specifically, defendant's counsel needs the continuance in order to review discovery including electronic discovery, prior arrest reports, and state convictions documents investigate the case, and develop a motions and/or trial strategy in light of that discovery. The parties believe that failure to grant the above-requested continuance would deny defendant's counsel and defendant the reasonable time necessary for effective preparation taking into account the exercise of due diligence and that the ends of justice served by continuing the case as requested outweigh the interest of the public and defendant in a trial within the date prescribed by the Speedy Trial Act.

4. Thus, the parties respectfully request that the Court find that the time period from February 3, 2009, to March 3, 2009, is excludable pursuant to 18 U.S.C. §§ 3161(h)(8)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence.

IT IS SO STIPULATED.

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: January 30, 2009      /s/
GARTH HIRE
Assistant United States Attorney

Attorney for United States of America

Dated: January 30, 2009      /s/
LINDA FULLERTON

Attorney for Defendant
Ryan Michael Turner

STIPULATION AND ORDER RESCHEDULING
HEARING; EXCLUDING TIME            2

**ORDER**

FOR GOOD CAUSE SHOWN, THE COURT ADOPTS THE FINDINGS OF FACT AND CONCLUSIONS OF LAW STIPULATED TO BY THE PARTIES. THEREFORE, IT IS SO FOUND AND ORDERED THAT:

1.  The currently scheduled February 3, 2009, status conference hearing is vacated. A status conference hearing is now scheduled for 9:00 a.m. on March 3, 2009.

2.  The time period from February 3, 2009, to March 3, 2009, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(8)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence. The Court finds that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

DATED: 2/2/09

_____
HONORABLE SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE